NEWARK ORPHAN ASYLUM ASSOCIATION, LEWIS L. SHAUB AND REFUND INVESTMENT CREDIT HOLDING COMPANY, PROSECUTORS, v. BOROUGH OF MOUNTAINSIDE, UNION COUNTY, AND ROBERT LAING, CLERK OF THE BOROUGH OF MOUNTAINSIDE, UNION COUNTY, RESPONDENTS.

Decided February 4, 1931.

For the prosecutors, *Smith & Slingerland.*

For the respondents, *Charles A. Otto, Jr.*

CASE, J. The prosecutors questioned certain assessments levied against them severally for the expenses incurred in laying a sidewalk in front of their respective properties in the borough of Mountainside. Their first three points attack the ordinance and the notice, or rather the alleged lack of notice, to the prosecutors of the pendency of the ordinance and of the purpose of the municipality to proceed thereunder in the actual doing of the work. While the proofs are not as clear as might be desired, I am inclined, reading them in their entirety, to believe that the ordinance was lawfully passed. From the remainder of this attack the prosecutors are barred by laches. The ordinance was passed January 7th, 1927. The laying of the sidewalks was completed in September of that year. There is sufficient to convince me that then or thereabouts all of the prosecutors, either in themselves or their predecessors in title, had either actual or constructive notice. For instance, it appears that the Newark Orphan Asylum Association, carrying the largest assessment, was in correspondence with the municipality in the summer of 1926 regarding the probable effect by way of assessment and otherwise upon the association of a similar sidewalk ordinance then pending but abandoned on the introduction of the ordinance in question; and the association had knowledge of the actual laying of the sidewalk during the progress of the work. No steps were taken to question the legality of the municipal action until December 12th, 1929, when application was made for the present writ. There was an acquiescence of more than two years after the completion of an improvement manifestly to the advantage of the respective parties, the sidewalk meanwhile being in full use.

The third point is that the borough council did not advertise for bids before awarding the contract. No harm, however, is shown to have come to the prosecutors on this account, and no authority is cited to the effect that a failure to comply with the statute requiring advertisement for bids *per se* invalidates the assessments for the cost.

The remaining points go directly to the levying of the assessments, the confirmation of which was made November

12th, 1929. The minutes of meetings of the borough council and indeed all other borough records, so far as their review discloses, were crude, inaccurate, insufficient and uninforming. So far as I am able to ascertain from the proofs the assessments were not levied in accordance with the statute. The record of the cost of the improvement (see Municipalities act—*Pamph. L.* 1917, *ch.* 152; 2 *Cum. Supp., p.* \*136, *art.* 25, § 4) is not shown; the proceedings of the assessment commissioners were not in accordance with the statute, nor did the council confirm the report of the borough engineer (article 25, § 4, *supra*). The discrepancy between the apparent cost, $3,564.15, and the aggregate assessments, $4,039.55, is not shown; nor was notice given to the property owners of the time and place when the council would examine the report of the officer in charge of the improvement. *Pamph. L.* 1922, *ch.* 156; 2 *Cum. Supp., p.* \*136-2511.

The assessments under review should be set aside, with costs to the porsecutors.